UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAJAZZ A. SMITH,<br>        Plaintiff,<br>    v.<br>AVALA, et al.,<br>        Defendants. | Case No. 16-cv-02295-KAW  (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Plaintiff Lajazz Smith, a state prisoner incarcerated at Salinas Valley State Prison, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of her constitutional rights by prison officials. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP"), which is granted in a separate order. For the reasons stated below, the Court dismisses this action without prejudice.

## DISCUSSION

Plaintiff, who alleges that she is a transgender inmate, claims that Correctional Officers Avala and Mendez and Warden Muniz violated her Eighth Amendment right to be free from cruel and unusual punishment and her Fourteenth Amendment right for equal protection. In the complaint, Plaintiff indicates that she did not complete the prison's administrative appeal process because she is being retaliated against.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Compliance with the exhaustion requirement is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

Although nonexhaustion under Section 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal, as long as no exception to exhaustion applies), *overruled on other grounds in Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *See id.* The Ninth Circuit has interpreted Section 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

It is obvious from the face of Plaintiff's complaint that she did not exhaust her administrative remedies. She indicates that she did not use the administrative appeal process because she is being retaliated against. However, this reason is insufficient to excuse administrative exhaustion. Because Plaintiff did not exhaust her claims prior to filing this action, this action will be dismissed without prejudice. Plaintiff may re-file these claims in a new case once administrative appeals are exhausted.

## CONCLUSION

Based on the foregoing, this case is dismissed without prejudice. The Clerk shall enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 20, 2016

KANDIS A. WESTMORE
United States Magistrate Judge